## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PAWEL BUBEL and MICHAEL SHEA, individually and on behalf of other similarly situated individuals,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PROGRESSIVE CASUALTY INSURANCE COMPANY**<br><br>**Defendant** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO.:**<br><br><br><br><br><br><br><br><br><br>**FEBRUARY 7, 2014** |

## COLLECTIVE
## AND CLASS ACTION COMPLAINT

## INTRODUCTION

1.      This lawsuit seeks overtime pay for individuals holding the position of "Managed Repair Representative" ( "MRR") employed by Defendant Progressive Casualty Insurance Company ("Progressive") during the past three years.  MRRs comprise a specialized subset of Progressive's broader Claims Generalist Associates ("CGA") position.  This case is related to and follows on the heels of a similar lawsuit now pending in this District against Progressive for another subset of its CGA employees called File Owners, *Carlone v. Progressive Casualty Insurance Co.*, Docket Number 3:12-cv-00207 (presently before Judge William Young, sitting by designation from MA).  In *Carlone*, the plaintiffs claim that File Owners are entitled to overtime pay.  Here, Pawel Bubel, an opt in Plaintiff in the Carlone matter, and Michael Shea[1], seek to represent MRRs, another subset of CGAs – MRRs.  Both classes, in this case and in *Carlone*, have been victims of Progressive's December 2006 decision to classify all CGAs as exempt from overtime.

---

[1] Counsel here are also class counsel in *Carlone*.

1

2.      Bubel and Shea bring this action for themselves and on behalf of all persons holding the position of "Managed Repair Representative" ( "MRR") (sometimes also referred to as "Claims Adjuster –Auto Damage"). Defendant has misclassified Plaintiffs, Pawel Bubel ("Bubel") and Michael Shea ("Shea") and other similarly situated employees as exempt under federal overtime laws and failed to pay them overtime pay for hours above 40 in a workweek.

3.      Plaintiffs allege on behalf of themselves and other similarly situated current and former MRRs of Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for all overtime hours worked by them, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. Section 216(b).

5.      Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because acts or omissions giving rise to claims in this Complaint took place in this judicial district.

6.      This court has personal jurisdiction over Defendant pursuant to Connecticut's long-arm statute because it transacts business in the State of Connecticut, it enters into employment contracts with the MRRs, and its conduct in violating the Fair Labor Standards Act is tortious as that term is defined under the long arm statute.

## THE PARTIES

7.      Plaintiff Pawel Bubel is an individual residing in Glendora, New Jersey. He worked as an MRR for Defendant from approximately January, 2012 through January, 2013.

8.      Plaintiff Michael Shea is an individual residing in Palmyra, New Jersey.  He worked as an MRR for Defendant from approximately December 2008 through August 2011.

9.      Defendant Progressive Casualty Insurance Company is a corporation organized and existing under the laws of the state of Ohio.  Its principal office is located in Mayfield Village, Ohio.

10.     It is from its corporate headquarters that Progressive operates the various locations by the creation, publication, and enforcement of its corporate policies and procedures. These policies and procedures dictate the compensation of Defendant's employees as well as the manner in which Defendant's employees carry out their duties.

11.     Progressive is an employer within the meaning of the FLSA.

## THE NATIONWIDE COLLECTIVE ACTION

12.     Plaintiffs bring this action on behalf of themselves and all other MRRs at all Progressive locations throughout the country who have held the position during the past three years.

13.     Plaintiffs bring this count under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Plaintiffs and the other MRRs are similarly situated in that they are all subject to Progressive's common plan or practice of designating them as exempt from the overtime requirements of the FLSA when in fact their work does not qualify them for exempt status.

## STATEMENT OF FACTS

14.     At all relevant times, Plaintiffs worked as MRRs for Progressive. There are hundreds of MRRs employed around the country who share a common job title and duties.  As of the date of filing of this lawsuit, Progressive has posted on its website, www.progressive.com, a total of fifteen (15) job postings for "Claims Adjuster Auto Damage"" (a/k/a MRR) in the following cities: Palmetto Bay, FL; Lake Havasu City, AZ; Woodward, OK; Yuma, AZ;

Salinas, CA; Brooklyn, NY; Albuquerque, NM; Parsippany, NJ; Reno, NV; Westwood, MA; San Francisco, CA; Flagstaff, AZ; Fishkill, NY; Grand Junction, CO; and Yonkers, NY.  All fifteen (15) job descriptions are identical.

15.     According to the job postings, an MRR at Progressive performs the following primary duties

-       Determines repair parts, time and labor required to complete repair or if instead the vehicles is a total loss,

-       Negotiates agreed price with repair shops,

-       Manage repair facility performance on timeliness and repair quality,

-       Responds to customer inquiries regarding the process,

-       Maintains accurate documentation of the repair process by completing timely estimates, supplements, and inspections,

-       Coordinates the disposal process of salvaged vehicles/parts.

16.     MRRs' primary duties do not render them exempt under any recognized exemption to the FLSA.

17.     Instead, these duties fall squarely within those described by the U.S. Department of Labor in its Field Operations Handbook and Opinion letters as being non-exempt work.

18.     MRRs, including Bubel and Shea, routinely work more than 40 hours per week (usually between 45 and 55) but are not paid any additional compensation for the hours they work beyond 40 each week.

19.     MRRs perform the same primary duties nationwide.  They are uniformly trained by Defendant. They perform their duties through the use of the same computer system and protocols.  Their work is measured by the same set of standards developed by the corporate office and carried out uniformly in Progressive's various locations.

20.     In December 2006, Defendant classified all persons within the title  of "Claims Generalist Associate," including all MRRs, as exempt from the overtime requirements of the FLSA.

21.     Subsequently, Defendant reorganized its claims department and created new specialist positions which performed subsets of the duties of the former Claims Generalist Associate position.  The new positions include File Owner (the position at issue in the *Carlone* matter and  MRRs (a/k/a "Claims Adjuster").

22.     The decision to classify MRRs as exempt was made by Defendant on one occasion based on one analysis of one job description. .

23.     At no time has Defendant revisited its December 2006 exempt classification of CGAs,  even though the primary duties of Plaintiffs and all other MRRs are different and are not exempt.  Ever since, MRRs have been denied overtime pay based on that single December 2006 decision.

## COUNT ONE

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

24.     Based on the foregoing, Defendant's conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. Sections 201 *et seq.*

25.     Plaintiffs and all other similarly situated MRRs who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**DEMAND FOR RELIEF**

Plaintiffs claim:

1. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. Section 216(b);

2. An award of unpaid overtime wages under the Fair Labor Standards Act;

3. An award of liquidated damages under the Fair Labor Standards Act;

4. Attorneys' fees under the Fair Labor Standards Act;

5. Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiff demands a trial by jury by all issues so triable.

Pawel Bubel and Michael Shea, individually and on behalf of other similarly situated individuals

By: _/s/ **Richard E. Hayber**_
Richard E. Hayber
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Fed No.: ct11629
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com
Attorney for the Plaintiffs

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan
MOTION FOR PRO HAC VICE ANTICIPATED
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA  02114
sliss@llrlaw.com
(617) 994-5800
(617) 994-5801 (facsimile)
sliss@llrlaw.com
Attorney for the Plaintiffs